PER CURIAM.
Appellee Nicholas J. Muller filed a complaint below whereby he sought a divorce from Appellant Nellie J. Muller, his wife, on the ground of extreme cruelty. The date of filing was after January 1, 1967, the effective date of the new Florida Rules of Civil Procedure. His complaint for the most part traced Fla.R.Civ.P. Form 1.943, 31 F.S.A., simply alleging, in general and substantially statutory language, that appellant was guilty of extreme cruelty. See Fla.Stat., Sec. 65.04(4), F.S.A. (1965). It did not allege any facts purporting to constitute such cruelty. Appellant moved to dismiss the complaint on the ground that it failed to state a cause of action. Her motion was denied, and this interlocutory appeal followed.
Appellee has filed a motion to quash the appeal on the ground that it is frivolous and taken solely for the purpose of delay. We deny the motion and proceed to the merits.
The question here is whether, by virtue of the Supreme Court’s adoption of the Proposed Forms for Use with the Rules of Civil Procedure, a complaint drawn along the lines of Form 1.943 satisfies the requirements of Fla.R.Civ.P. 1.110(b), 30 F.S.A. The determinative language is found in the preamble to said Proposed Forms. It states that the forms of complaints “are sufficient for the types of cases which they respectively cover.” We feel that the intended meaning of this language renders appellee’s assailed complaint sufficient to satisfy the requirements of Rule 1.110(b).
Accordingly, the order denying appellant’s motion to dismiss is affirmed.
Affirmed.
LILES, C. J., and SHANNON and HOBSON, JJ., concur.